IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

NANA BOATENG,

       Petitioner,

v.                                            Case No. 1:14-cv-27337

BART MASTERS, WARDEN,
FCI McDowell

       Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 28, 2014, Petitioner filed a one-page handwritten letter, expressing his intention to file a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). Petitioner explained that he had been placed in a special housing unit, and for that reason, he needed additional time to complete and file the requisite paperwork. On February 25, 2015, after allowing Petitioner several months to file the petition, the undersigned formally construed the handwritten letter as a motion for an extension of time and granted it, allowing Petitioner another thirty days in which to supply a petition setting forth his grounds for the granting of a writ of habeas corpus. (ECF No. 4). According to the docket sheet, Petitioner received that Order. However, eight additional months have passed since then without any contact from Petitioner.

This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United

1

States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that this action be **DISMISSED**, **without prejudice**, based upon: (1) Petitioner's failure to file a petition that states grounds for relief and supporting factual bases; (2) his failure to comply with the Court's Order; and (3) his failure to prosecute this matter.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Court[1] states that a petition for a writ of habeas corpus must:

> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Other than being legible, the handwritten letter, which is the only filing made by Petitioner in this action, entirely fails to comply with Rule 2. *See Gomez v. Lewis*, No. 1:12CV387, 2014 WL 6908132, at *11 (M.D.N.C. Dec. 8, 2014) ("In order to substantially comply with Rule 2(c), a petitioner must state *specific, particularized facts* which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of *sufficient detail* to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review") (quoting *Bullard v. Chavis,* No. 96–7614, 153 F .3d 719 (table), 1998 WL

---

[1] Rule 1(b) of these rules confirms their applicability to petitions filed under 28 U.S.C. § 2241.

480727, at *2 (4th Cir. Aug. 6, 1998) (unpublished); *and Bachman v. Cuccinelli*, No. 7:11CV00564, 2011 WL 6140529, at *1 (W.D. Va. Dec. 9, 2011) (finding dismissal appropriate when a petition for a writ of habeas corpus fails to state grounds for relief and supporting facts). Consequently, Petitioner's purported petition should be dismissed, without prejudice, and this action removed from the Court's docket.

Moreover, "[a] complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court." *Ferrell v. LaManna*, No. CIVA 8:05-3421 DCN B, 2006 WL 2569261, at *1 (D.S.C. Sept. 1, 2006) (citing *Ballard v. Carlson,* 882 F.2d 93 (4th Cir. 1989). As stated above, on February 25, 2015, the undersigned instructed Petitioner to file his Section 2241 form and either supply an application to proceed *in forma pauperis,* or pay the five dollar filing fee, within thirty days. At that time, the action had been open on the docket for nearly four months. Petitioner was notified that his failure to file the paperwork would result in a recommendation of dismissal. (ECF No. 4 at 1). Despite this warning, Petitioner made no apparent effort to comply with the Order. Indeed, Petitioner has shown no interest in the matter since he instituted the action one year ago with the handwritten letter seeking more time to file a petition.

Under Fed. R. Civ. P 41(b), the Court may dismiss an action when a plaintiff fails to prosecute it. Similarly, under L. R. Civ. P. 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the

judicial officer may dismiss the action. [2]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard,* 882 F.2d. at 95. Thus, notwithstanding a court's inherent authority under the rules, when assessing whether to impose the harsh sanction of dismissal, the court should consider four factors in the context of the case, including: 1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978).

A review of the docket indicates that Petitioner received the undersigned's Order, but never submitted the anticipated § 2241 petition, despite having more than adequate time to comply. Therefore, Petitioner is entirely responsible for the delay in prosecution. In addition, this matter has been pending on the Court's docket for approximately one year without any activity on the part of Petitioner, which demonstrates a history of proceeding in a dilatory fashion. While the extent of prejudice to Respondent is difficult to gauge given that the undersigned has no information regarding the nature of Petitioner's claims, it remains that Petitioner has made no effort to pursue his claims and shows no interest in proceeding with

---

[2] Fed.R.Civ.P. 41(b) states, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states: "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

4

this action despite an explicit warning that his case would be dismissed if he failed to act. For that reason, a sanction less than dismissal would not be effective. *See Ballard,* 882 F.2d at 95-96. Bearing these factors in mind, and taking into account the importance of resolving claims on their merits, the undersigned **FINDS** that dismissal is appropriate, but is best entered without prejudice.

Wherefore, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge **DISMISS** this action, **without prejudice**, (ECF No. 1), and remove this matter from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,*

5

727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Faber and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

**DATED**: October 27, 2015

_____
Cheryl A. Eifert
United States Magistrate Judge